IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DUSTIN LEE BARNETTE,
    Plaintiff,

vs.                                        Case No.:  3:19cv4743/MCR/EMT

MARK INCH, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Dustin Lee Barnette, an inmate of the Florida Department of Corrections housed at Santa Rosa Correctional Institution, commenced this action on or about October 30, 2019, by filing a civil rights complaint under 42 U.S.C. § 1983 and a motion to proceed in forma pauperis (ECF Nos. 1, 2). Plaintiff contemporaneously filed a "Declaration for a Preliminary Injunction and Restraining Order" and supporting memorandum (ECF No. 4). The court granted Plaintiff leave to proceed in forma pauperis and directed him to file his civil rights complaint on the court-approved form as required by Local Rule 5.7(A) (*see* ECF No. 7). Plaintiff filed an Amended Complaint on December 12, 2019 (ECF No. 9).

In his Amended Complaint, Plaintiff sues eight Defendants: Mark Inch, Secretary of the FDOC; Walker Clemmons, Warden of Santa Rosa C. I.; Nurse Kelly, a member of the medical staff at Santa Rosa C.I.; and five correctional officers

at Santa Rosa C. I., including Lieutenant P. Tucker, Officer M. Cade, Officer Cox, Officer Kuka, and Officer J. Upton (*see* ECF No. 9 at 1–3).[1]  Plaintiff alleges his cellmate, Inmate Chaney, attacked him at 9:55 a.m. on May 10, 2019 (*see id.* at 6–9).  Plaintiff brings Eighth Amendment claims against Secretary Inch, Warden Clemmons, and the correctional officers for failing to protect him from the attack by Inmate Chaney (*id.* at 6–9, 12).  He brings an Eighth Amendment claim against Nurse Kelly for failing to assess his injuries from the attack (*see id*. at 9, 12).

In Plaintiff's "Declaration for a Preliminary Injunction and Restraining Order" and supporting memorandum, Plaintiff states Defendants "chose to act with deliberate indifference while an attempt on my life was made on May 10, 2019 at appr. [sic] 9:55 A.M." (*see* ECF No. 4 at 2).  Plaintiff seeks a preliminary injunction and temporary restraining order "enjoining the Defendants, their successors in office, agents and employees and all other person [sic] acting in concert and participation with them, from retaliation, as well as any deliberate indifference show [sic] if ever my need for protection should arise" (ECF No. 4, attached proposed

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original document.

Case No.:  3:19cv4743/MCR/EMT

"Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order"). Plaintiff asserts the following facts in support of his request for a TRO:

> I have been under an extortion [sic] in which people have used facebook and other technology as means of communication to conspire against me jeopardizing my safety within the Department of Corrections. The amount of prison officials who have participated in the extortion conspiracy communicable [sic] on that which is facebook, are many, as well as I have all the dates, times, and names of officials in which participated [sic].

(ECF No. 4 at 1).

The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). A plaintiff seeking a preliminary injunction or temporary restraining order must establish four prerequisites: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (preliminary injunction); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (temporary restraining order). A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four

requisites.  *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc); *CBS Broad., Inc. v. Echostar Communc'n Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted).

The purpose of preliminary injunctive relief is to preserve the status quo and prevent irreparable injury until the court can address the merits of the lawsuit.  *See All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989); *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986).  This necessitates that the relief sought in the motion be closely related to the conduct at issue in the complaint.  *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975).  Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab.*, 72 F.3d 842, 842–43 (11th Cir. 1995).

In compliance with the court's statutory duty to screen the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the court issued a separate order on today's date, setting forth the facts underlying Plaintiff's constitutional claims and discussing the reasons why his factual allegations fail to state a plausible claim for relief against some of the named Defendants, including those against whom Plaintiff

seeks a TRO.  At the conclusion of the screening order, the court directed Plaintiff to either file a second amended complaint which cured the pleading deficiencies or notify the court if he no longer wished to pursue his claims.  While the issuance of the court's screening order does not extinguish Plaintiff's request for preliminary injunctive relief, it does tend to show that Plaintiff has not demonstrated, at this stage of the case, a substantial likelihood of success on the merits of his claims against the named Defendants.  Plaintiff's having failed to satisfy his burden of persuasion on the first prong of the Eleventh Circuit's four-pronged standard, his motion for a preliminary injunction or temporary restraining order should be denied.  *See Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994) (the moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements).

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's "Declaration for a Preliminary Injunction and Restraining Order" and supporting memorandum (ECF No. 4) be **DENIED without prejudice**.

At Pensacola, Florida, this 30th day of January 2020.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.:  3:19cv4743/MCR/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:19cv4743/MCR/EMT